IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRUCE LANDSBERG, individually,
and as named representative of those
similarly situated,

    Plaintiff,

vs.

    Case No. C2-05-500
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Terence P. Kemp

ACTON ENTERPRISES, INC.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Objections to the Magistrate Judge's Report and Recommendation denying Plaintiff's November 28, 2005 motion to send opt-in notices to all store managers employed by Acton Enterprises, Inc. ("Acton") from May 20, 2002 through the present. Because the Magistrate Judge committed no error, the Objections are **OVERRULED** and the Court fully **ADOPTS** the Magistrate Judge's Report and Recommendation.

### I.

Plaintiff, Bruce Landsberg ("Plaintiff"), filed a Complaint on May 18, 2005 against Defendant, Acton Enterprises, Inc. ("Acton"), on behalf of himself and other similarly situated employees of Acton. The Complaint alleges, *inter alia*, that Acton failed to pay store managers overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). According to the Complaint, Plaintiff was employed as an Acton store manager and received a salary of $910.00 for each two-week pay period as long as his weekly work hours averaged at least 47½ hours. (Complaint at ¶9.) Plaintiff contends that "[f]or pay periods in which

the hours that Mr. Landsberg worked per week during that respective pay period fell below 47½ hours, but less than one-half of a work day, Defendant converted Plaintiff's pay to an hourly rate, and Plaintiff's pay was reduced below his base salary by the number of hours that he did not work." (*Id.* at ¶12.) The Complaint also states that Acton employs other individuals in the same capacity as Plaintiff, and that these employees are similarly situated. (*Id.* at ¶14.)

In support of his claim that other employees are similarly situated, Plaintiff, though his own affidavit, offers statements made by other store managers regarding the Acton's pay policy. Specifically, Plaintiff recalls various dinner conversations with other Acton managers while attending meetings in Indiana. Plaintiff submitted two affidavits: his own and that of Mike Johnson, another Acton store manager. Both affidavits provide similar allegations.

The Magistrate Judge indicated that the statements made by managers at the conference, without any other foundation, appeared to be inadmissible hearsay, which could not be used to determine whether employees are similarly situated for purposes of 29 U.S.C. § 216(b). Report and Recommendation at p. 7 (relying on *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865-66 (S.D. Ohio 2005) (Holschuh, J.). Furthermore, the Magistrate Judge found the two affidavits submitted by Plaintiff were "simply not enough to establish a colorable basis for Mr. Landsberg's claim that a class of similarly situated plaintiffs exists." Report and Recommendation at p. 8. Beyond Plaintiff's pure speculation that other managers were not paid appropriately, the Magistrate Judge found no basis upon which to grant the motion to send opt-in notices to all store managers employed by Acton.

This matter is now before the Court on Plaintiff's Objections to the Report and Recommendation.

**II.**

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a magistrate judge on nondispositive matters. When a party lodges an objection to a magistrate judge's report and recommendation, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001)(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)). To establish that a magistrate judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

**III.**

Plaintiff Bruce Landsberg brings his FLSA claim on behalf of himself and a class of similarly situated employees pursuant to 29 U.S.C. § 216(b):

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

The statute does not define the term "similarly situated." In this regard, the Magistrate Judge discussed three different approaches to determining whether plaintiffs are "similarly situated" for purposes of the FLSA. As set forth in the Report and Recommendation, the first approach involves

-3-

a court determination, on an *ad hoc* case-by-case basis, of whether plaintiffs are similarly situated. As explained by the Magistrate Judge and as set forth in detail in *Theissen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001), this approach involves two stages. The initial notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (quoting *Bayles v. American Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1066 (D. Colo. 1996)). The second stage, taking place at the conclusion of discovery, applies a stricter standard. The court at this stage reviews (1) disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to the plaintiff; (3) fairness and procedural considerations, and (4) whether plaintiffs made filings required by law before bringing suit. *Id.* at 1103.

The second approach to determining whether plaintiffs are similarly situated under the FLSA incorporates the four class-action prerequisites of numerosity, commonality, typicality, and adequacy of representation as required by Federal Rule of Civil Procedure 23. *Theissen*, 267 F.3d at 1103. This approach also integrates Rule 23's requirement that common questions of fact predominate into the analysis of whether plaintiffs are similarly situated. *Id.*

The third approach seeks to incorporate the pre-1966 version of Rule 23 into § 216(b), which requires: (a) the class to seek a "common relief," (b) the existence of a "common question of law or fact affecting the several rights," and (c) the character of the right sought to be enforced by the class to be "several." *Id.* In addition, under the pre-1966 Rule 23, courts had "inherent authority to proceed collectively where it would waste judicial resources or unfairly prejudice the party opposing the proposed class." *Id.*

The Sixth Circuit Court of Appeals has yet to determine which of the three standards applies. Here, the Magistrate Judge adopted and implemented the least taxing, *ad hoc* approach as this Court applied in *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862 (S.D. Ohio 2005).

The two-tier approach adopted in *Harrison* begins at the notice stage, during which the court must determine whether notice of a pending action should be provided to potential class members and, furthermore, if members should be provided an opportunity to "opt-in." *Id.* at 865. Notice is typically authorized if the plaintiff demonstrates he or she is similarly situated to other employees constituting the potential class. *Id.* The *Harrison* court determined conditional certification should not be granted unless a plaintiff presents evidence to establish a "colorable basis" for his or her allegation that others are similarly situated. *Id.* at 868.

In *Harrison*, the plaintiff-employee[1] filed suit under the FLSA against her restaurant employer, alleging the employer manually altered time records to avoid paying plaintiff for the entirety of the hours actually worked. *Id.* at 864. The plaintiff then filed a motion for authority to notify potential class members. *Id.* at 865. To support her claim that potential class members were similarly situated, she submitted her own affidavit and the affidavit of a former co-employee, each containing various hearsay statements. *Id.* The *Harrison* court rejected plaintiff's argument, disregarded the hearsay statements as inadmissible, and denied her motion to notify potential class members of the pending suit. *Id.* at 864, 868. The court specifically noted that, while plaintiff had the ability to contact the approximately three-hundred (300) putative class members, she presented only her own affidavit and that of one other employee to demonstrate members were similarly

---

[1] The employee in *Harrison*, Samantha Harrison, was a minor. Her father, Gary Harrison, therefore, filed the lawsuit on her behalf. *Harrison*, 411 F. Supp. 2d at 864.

situated. *Id.* at 870. Magistrate Judge Kemp adopted the reasoning in *Harrison* as a basis for denying Plaintiff's motion to send opt-in notices. The Court agrees with this approach and fully adopts the reasoning of the Report and Recommendation.

In this case, Plaintiff offers evidence of various statements made by other employees regarding Acton's pay policy. Using *Harrison* as a guide, the Magistrate Judge found that statements made by employees during dinner at a manager meeting are hearsay and are not to be considered in determining whether employees are similarly situated under § 216(b). The Magistrate Judge noted that Plaintiff had ample opportunity to obtain affidavits from additional Acton employees to support his claim that other managers were similarly situated, but failed to so.[2] The two affidavits offered by Plaintiff were insufficient to demonstrate that potential class members were similarly situated. *See Harrison*, 411 F. Supp. 2d at 870; *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003) (indicating evidence that two out of fifty employees were not properly paid overtime wages "is not even a modest factual showing of a common policy or plan"). Accordingly, the Magistrate Judge found that Plaintiff offered no more than speculation to support his belief that other Acton managers were not paid all money owed to them under Acton's pay policies.

In his Objections, Plaintiff first argues at length about the factual differences between *Harrison* and the case at bar. The Court, however, fails to see significance in the factual differences highlighted by Plaintiff as they relate to the ultimate conclusion that he has failed to adduce even a colorable basis for a determination that the putative plaintiffs are similarly situated. Regardless of any difference in the employment positions or compensation systems which may apply to the

---

[2] In his Objections, Plaintiff requests additional time to obtain discovery which will enable him to make the required factual showing. The parties are already engaging in active discovery. The Magistrate Judge has met with both parties to discuss the same.

Plaintiff in this case or that in *Harrison*, Plaintiff's factual arguments provide absolutely no evidence that any conclusions set forth in the Report and Recommendation ignore or contradict relevant precepts of law.

Plaintiff further suggests that he submitted additional evidence beyond the two affidavits which the Magistrate Judge improperly excluded from his consideration. Plaintiff specifically mentions documents offered from the Department of Labor, documents describing Plaintiff's compensation program, and Plaintiff's paycheck stubs. The Court does not find any of these documents instructive. The Court agrees with the Magistrate Judge in that these documents offer nothing but speculation as to the relevant question which is whether Plaintiff has established a colorable basis for his claim that a class of similarly situated plaintiffs exits. A significant portion of the evidence that Plaintiff maintains was not considered in the Magistrate Judge's Report and Recommendation relates to theories and assumptions developed by Plaintiff based upon certain hearsay statements that were *not* made and information that was *not* provided by Acton.

Plaintiff cites *White v. MPW Industrial Services, Inc.*, No. 1:05-CV162, 2006 WL 752554 *4-5 (E.D. Tenn., March 21, 2006) (unreported), and requests that this Court consider *White's* holding that affidavits submitted in support of a motion for notice need not meet the requirements of Fed. R. Civ. P. 56(e). The Court recognizes some jurisdictions support the position that hearsay in affidavits should be admissible at this stage, or that a plaintiff's burden may be satisfied based solely from allegations in the complaint. Here, however, there is no basis to conclude that the Magistrate Judge held Plaintiff's affidavits to a Rule 56(e) standard or otherwise made an error of law in adopting the position as set forth in a decision from this Court in *Harrison*. While not all courts have agreed as to the requisite burden a plaintiff must meet in order to demonstrate that other

employees are similarly situated, numerous decisions support the still-lenient position that limits consideration to admissible evidence in connection with conditional certification of a collective action under § 216(b). *See, e.g., Harrison*, 411 F. Supp. 2d at 865; *O'Brien v. Ed Donnelly Enterprises, Inc.*, No. 2:04-CV-00085, – F. Supp. 2d –, 2006 WL 3483956 at *2 n.1 (S.D. Ohio Nov. 30, 2006)(Smith, J.)(slip opinion)(collecting cases); *Richards v. Computer Scis. Corp.*, No. 3-03-CV-00630(DJS), 2004 WL 2211691 at *1 (D. Conn. Sept. 28, 2004); *McElmurry v. U.S. Bank Nat'l Ass'n*, No. CV-04-642-HU, 2004 WL 1675925, at *10 (D. Or. 2004); *Clark v. Dollar Gen. Corp.*, No. 3:00-0729, 2001 WL 878887, at *2 (M.D. Tenn. May 23, 2001).

The Magistrate Judge correctly observed that Plaintiff failed to prove other Acton employees are similarly situated. As the Court held in *Harrison*, the burden is on the plaintiff to put forth a "colorable basis" for his assertion that a class of similarly situated employees exist. *Harrison*, 411 F. Supp. 2d at 868. In this instance, Plaintiff has failed to do so. The Magistrate Judge had but two affidavits from Acton employees which were based upon hearsay and no other admissible evidence to support a finding for conditional certification of a collective action. The Magistrate Judge made no error in his decision to exclude inadmissible hearsay evidence.

## IV.

The Court has considered the arguments made by Plaintiff and the opinions and analysis of the Magistrate Judge in his thorough Report and Recommendation. The Court finds no evidence to demonstrate that a mistake has been committed and, consequently, Magistrate Judge Kemp's decision is neither clearly erroneous nor contrary to law. Rule 72(a); 29 U.S.C. § 636(b)(1)(A). For the foregoing reasons, Plaintiff's Objections to the Magistrate's Report and Recommendations are

**OVERRULED**. The Magistrate Judge's March 22, 2006 Report and Recommendation is **AFFIRMED** in all respects.

    **IT IS SO ORDERED.**

_____12-15-2006_____                   _____
**DATED**                                                     **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**