IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRUCE LANDSBERG,
et al.,

    Plaintiff,

vs.

Case No. C2-05-500
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

ACTON ENTERPRISES, INC.,

    Defendant.

## ORDER

This matter is before the Court for consideration of the parties' Joint Motion for Order Approving Notice pursuant to 29 U.S.C. § 216(b), and Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Costs. For the reasons that follow, the Motions are **GRANTED**.

As set forth more fully in the record and the parties' moving papers, Plaintiffs filed a Complaint against Defendant, Acton Enterprises, Inc. ("Acton"), on May 20, 2005. Plaintiffs alleged in the Complaint that Defendant violated the Fair Labor Standards Act ("FLSA"), and the Ohio Minimum Wage Act. After mediation, and as a result of arms-length negotiations, the parties have arrived at a settlement.

The parties seek to send notice to all employees of Acton who worked as store managers in the State of Ohio from May 20, 2002 through the present, and who had their pay docked for working fewer than 95 hours in weeks other than their first and last weeks in which they did not receive an incentive bonus. Plaintiffs contend that Acton improperly docked their pay and/or failed to pay them overtime under the terms of the FLSA. Acton disputes the allegations in the Complaint, and denies liability for all of the claims asserted against it.

Nevertheless, Acton has entered into the settlement agreement to avoid the burden, expense and uncertainty of continued litigation. Likewise, Plaintiffs' counsel has considered the risk of continued litigation and the possibility that, if not settled now, the lawsuit may result in no recovery or may result in recovery in the future which is less favorable to the employees.[1]

The parties have identified nineteen potential opt-in Plaintiffs.[2] Under the terms of the settlement agreement, each class member is eligible to receive a specified amount of a settlement fund. Defendant will place $10,000.00 into escrow, to cover a potential $10,092.91 in claims for individuals who opt into this case. Each specific amount is derived from the company time record and reflects the amount of the deductions from pay which were made from each employee's salary for weeks other than his or her first and last week of work in which he or she did not receive a performance bonus.

The settlement also includes a provision that the Plaintiffs' attorneys will apply to the Court for approval of fees and costs in the amount of $21,500.00.[3] Additionally, the settlement terms provide that a service payment in the amount of $1,000.00 will be paid to the named-Plaintiff, Bruce

---

[1] An employee may settle his her bona fide dispute for back wages if he or she brings a lawsuit against the employer under section 216(b), enters into a settlement agreement with the employer, and the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The FLSA allows one or more employees to bring an action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). These "collective actions" are similar to class actions except employees in a collective action are not included unless they "opt in," whereas plaintiffs in a class action are included unless they "opt out." In this case, the parties have not yet been given the opportunity to execute a consent form and to opt in to the collective action. The proposed Notice presently under consideration includes an opt-in form that allows the employee to provide his or her written consent to participate in this lawsuit. Moreover, the parties do not dispute, for purposes of this settlement, that the nineteen employees are similarly situated for purposes of the alleged FLSA violations at issue here.

[3] Plaintiffs have now done so. The Court considers this Motion separately *infra*.

Landsberg. All settlement proceeds not paid out to satisfy the foregoing and not claimed by class members within a three-month period will be returned to Acton within twenty-one days of the close of the three-month opt-in period.

Notice will be sent by first class mail to the individuals identified as potential opt-in plaintiffs. Costs for sending the notice shall be paid out of the attorneys' fees and costs amount. Under the terms of the Notice, the potential plaintiffs have 90 days to consider the settlement and to decide whether they wish to opt-in.

The Court finds that the Notice clearly and concisely states in plain, easily understood language, the nature of the action; the definition of the collective class; the claims, issues, and defenses; that the Court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and that declining to exercise the right to participate in the settlement will not bar an eligible employee from seeking individual relief with respect to any legal claims. The Notice provides appropriate instructions as to how to obtain additional information regarding this case. For these reasons, the Joint Motion for Order Approving Notice is **GRANTED**.

As for their Motion for an Award of Attorneys' Fees and Reimbursement of Costs, Plaintiffs' counsel seeks an attorneys' fee award of in the amount of $18,981.78, and $2,518.22 in out-of-pocket expenses incurred in this litigation. An attorney who recovers "for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Pursuant to § 216(b) of the FLSA, "the court . . . shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all

within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984). "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994) (quoting *United Slate*, 732 F.2d at 502). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Fegley*, 19 F.3d at 1135 (quoting *United Slate*, 732 F.2d at 503). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433-4 (1983). This method is often referred to as the "lodestar" method. In calculating the appropriate fee, the district court should exclude "excessive, redundant, or otherwise unnecessary" hours. *Id.* at 434. The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Id.* at 437.

Here, the parties do not dispute, and in fact have agreed as part of their settlement, that the both the hourly rate and the number of hours sought are fair. The actual total time expended by the attorneys in this case, at their ordinary billable rates, yields the amount of $43,402.50. (Declarations of John Marshall, Edward Forman and Jami Oliver.) Plaintiffs' counsel seek only 44% of this amount, $18,981.78.

-4-

The following factors are relevant to the Court's assessment of attorneys fees: (1) the value of the benefit rendered to the plaintiff class (*i.e.* the results achieved); (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *E.g., Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir.1993).

These factors, as applied in the instant case, reveal that the Plaintiffs' request for attorneys' fees and costs is reasonable. In terms of the value of benefit rendered to the Plaintiff Class, pursuant to the parties' settlement agreement, those who opt in to the suit are entitled to receive the full amount of any deductions allegedly improperly made from their paychecks by Acton. Acton will provide money in escrow account to cover up to $10,000.00 of a potential $10,092.91 in claims for individuals who opt in to this case.

As for whether the matter was litigated on a contingency basis and the value of services provided by Plaintiffs' counsel on an hourly basis, the Court first notes that, to date, Plaintiffs' counsel have received no compensation in this matter. Class and Plaintiffs' counsel accepted this litigation on a contingency fee basis. Given the risks of establishing liability and damages and the possibility of non-payment that could result should the case proceed without a compromise, award of the requested fee is an appropriate term of the settlement agreement.

Plaintiffs are requesting less than half of the actual value, approximately 44%, of counsel's expended hours. The rates they request are customary and reasonable: Jami Oliver $225/hr; Steven Dransfield $150/hr ($75/hour as a clerk); John Marshall $350/hr; Edward Forman $195/hr; and Nicole Norcia $75/hour (as a clerk). The Court concludes that the time spent in this case was

reasonable and necessary to bring this matter to a just conclusion, and the attorney billable rate is reasonable.

The Court notes the complexity of this case, and the skill and professionalism of the attorneys who represented the Class and Defendant during the duration of this litigation. The Court has reviewed the billing statements in support of the application for fees, and notes the extensive efforts expended by counsel during the investigation, discovery and motion drafting stages of this case. Pursuant to 29 U.S.C. § 216, the Court finds that the requested fees and expenses are reasonable and that the documentation is sufficient to support the Motion.

Finally, as for the costs incurred in this matter, Plaintiffs' counsel has recorded many out of pocket expenses. Plaintiffs' counsel incurred expenses in the amount of $1,897.25 during the prosecution of this collective action. These costs include deposition transcript costs; photocopying costs; filing and service fees; computer-assisted legal research fees; travel costs; fees for general publication notice; postage and delivery costs; and other litigation services. The Court finds that the costs and expenses advanced by Plaintiffs' counsel were reasonable and necessary to the prosecution of the case, and should therefore be reimbursed as part of the settlement proceeds.

For these reasons, the parties' Joint Motion for Order Approving Notice pursuant to 29 U.S.C. § 216(b), and Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Costs are **GRANTED**.

       **IT IS SO ORDERED.**

  6-16-2008  
**DATED**

**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**